**WALKER BROADCASTING COMPANY, INC.,**
Appellant

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee**

**16-1118**
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed: 12/05/2016

A. Wray Fitch, III, Esquire, Attorney, Gammon & Grange, PC, McLean, VA, William P. Ferranti, The Ferranti Firm LLC, Portland, OR, for Appellant.

James M. Carr, Esquire, Counsel, David Morris Gossett, Jacob M. Lewis, Associate General Counsel, Jonathan Bruce Sallet, General Counsel, William J. Scher, Attorney Advisor, Richard Kiser Welch, Deputy Associate General Counsel, Federal Communications Commission (FCC), Office of General Counsel, Washington, DC, for Appellee.

Before: Brown and Srinivasan, Circuit Judges, and Randolph, Senior Circuit Judge.

**JUDGMENT**

Per Curiam

The court has considered this appeal of an Order of the Federal Communications Commission. After giving full consideration to the issues presented in the record, the parties' briefs, and at oral argument, we have determined that a published opinion is not needed. See D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the appeal is affirmed.

Walker Broadcasting requests vacatur of the Commission's Order denying its license application and its petition for eligibility in a spectrum auction. We reject Walker's request because the Commission properly found that Walker forfeited its construction permit and was therefore ineligible for the license and auction.

In 2004, the Commission issued a construction permit to Walker with a deadline, after an extension, of April 3, 2009. The

permit required Walker to demonstrate and submit documentation that "objectionable interference will not be caused to existing land mobile radio facilities" through operation of the station. This interference study would ensure that Walker's broadcasts did not interfere with two-way radio users such as police and firefighters. *See Neighborhood TV Co., Inc. v. F.C.C.*, 742 F.2d 629, 641–43 (D.C. Cir. 1984). April 2009 passed without Walker submitting the required study. Walker concedes this point.

In 2014, the Commission announced an Incentive Auction to reallocate spectrum from television broadcasters to mobile broadband providers. *See In the Matter of Expanding the Econ. & Innovation Opportunities of Spectrum Through Incentive Auctions*, 29 F.C.C. Rcd. 6,567 (2014); *Nat'l Ass'n of Broadcasters v. F.C.C.*, 789 F.3d 165, 168–70 (D.C. Cir. 2015). In the preceding five years, Walker had some contact with the Commission but had neither filed an interference study nor received a broadcast license. The announcement of the auction apparently motivated Walker, so it submitted an interference study in May 2015 and, two weeks later, petitioned for eligibility in the auction. The Commission's Media Bureau and then the Commission itself denied both the license application and eligibility petition.

The Commission decided that Walker had forfeited its construction permit and was therefore ineligible for both the Incentive Auction and a broadcast license. When Walker failed to provide an interference study by the construction permit deadline, it "automatically forfeited" its construction permit "without any further affirmative

cancellation by the Commission." 47 C.F.R. § 73.3598(e); 47 U.S.C. § 319(b).

Although Walker acknowledges missing the deadline, it maintains that the Commission abused its discretion by not waiving the forfeiture rule. It offers four arguments, but none suffice.

Walker's first argument—that Commission precedent required waiver—is procedurally barred because Walker never made the argument before the Bureau.[1] *See In the Matter of Walker Broad. Co., Inc.*, 31 F.C.C. Rcd. 2,395, 2,400 n.43 (2016); 47 U.S.C. § 405(a)(2); 47 C.F.R. § 1.115(c); *BDPCS, Inc. v. F.C.C.*, 351 F.3d 1177, 1183 (D.C. Cir. 2003). Even if the argument was not procedurally barred, the precedent Walker relies on are staff decisions that do not bind the agency. *See Comcast Corp. v. F.C.C.*, 526 F.3d 763, 769–70 (D.C. Cir. 2008).

Walker also forfeited its second argument that the Commission disfavors automatic expiration. It did not make the argument before the Bureau or the Commission. 47 U.S.C. § 405(a)(2); *Bartholdi Cable Co., Inc. v. F.C.C.*, 114 F.3d 274, 280 (D.C. Cir. 1997). On the merits, Walker supports its argument with cases of Commission and Bureau waiver after the applicant demonstrated timely construction. Appellant Br. 29 n.88, 30 n.90. The construction here, however, was untimely. *See* 47 U.S.C. § 319(b) (requiring applicant to be "ready for operation" by permit deadline).

Walker's third argument is that it had a right to receive a deficiency letter before its application was denied. Although the Commission must issue deficiency letters for "minor" application defects, 47 C.F.R. § 73.3564(a)(1), the absence of the inter-

---

[1]. Walker notes correctly that the Commission can abuse its discretion in enforcing its procedural rules, but Walker makes no showing of the "extenuating circumstances" required for

such a finding. *See BDPCS, Inc. v. F.C.C.*, 351 F.3d 1177, 1184 (D.C. Cir. 2003) (quoting *21st Century Telesis Joint Venture v. F.C.C.*, 318 F.3d 192, 200 (D.C. Cir. 2003)).

ference study was a major defect. Interference studies ensure that broadcasts do not interfere with two-way radio users such as first responders. *See Neighborhood TV Co.*, 742 F.2d at 641–43. Because compliance can prove so important, the Commission has held that "patent omissions in the technically critical proofs of performance ... can only be characterized as major deficiencies." *In re Aerco Broad. Corp.*, 18 F.C.C. Rcd. 24,417, 24,419 (2003).

Walker's fourth argument is that "numerous affirmative actions by the FCC" constituted an implicit waiver of the forfeiture rule, Appellant Reply Br. 3, but the Commission reasonably found that granting the application six years after the deadline would be "inappropriate and inconsistent with the Commission's goals of prompt initiation of service and spectrum efficiency." *In the Matter of Walker Broad. Co., Inc.*, 31 F.C.C. Rcd. at 2,400. Because the Commission's affirmative actions after April 2009 do not render that explanation unreasonable or otherwise require waiver, *see Morris Commc'ns, Inc. v. F.C.C.*, 566 F.3d 184, 187–191 (D.C. Cir. 2009), the Commission did not abuse its discretion in denying the waiver.

Because Walker forfeited its construction permit in April 2009, it was not eligible for the Incentive Auction. Walker accepts that the Incentive Auction Order protects from spectrum reallocation those "television stations that were authorized by construction permits, but not yet licensed, as of February 22, 2012." *Expanding the Econ. &Innovation Opportunities of Spectrum Through Incentive Auctions*, 29 F.C.C. Rcd. at 6,656. Walker was not authorized by a construction permit in February 2012, so it was not entitled to protection.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.